I understand we have counsel for the appellant here today, and Mr. Harris, you have ten minutes. There is no one appearing for oral argument on behalf of the appellee. So, Mr. Harris, whenever you're ready. Thank you, Your Honor. My name is Fitz Moharris. I appear on behalf of Hemant Patel, M.D., P.C. My clients are medical providers, provide medical services in medically underserved areas for people who need these services. My client had sponsored to just re-Bandikatla for a H-1B visa. She signed a contract which she agreed to work for three years prior to the expiration of the contractual period. She stopped working. She resigned her position. My client was not aware of the reasons why she resigned, nothing. My client was left with rooms full of patients and different things, so he decided, or the company decided to take legal action against Bandikatla pursuant to New York State common law. Different causes of action, breach of contract, breach of fiduciary relations, and other common law causes of action. The case was commenced in Bronx Supreme Court. Now, shortly after it was commenced, it was removed to the United States District Court for the Southern District of New York. After the case was removed, a motion was made to remand the case back to the Bronx Supreme Court, and this is where the legal issues began. We filed a motion to remand, which we believe we have met all of the standards to remand it back to the Bronx, because 1332, 28 U.S.C. 1332 strictly requires that the statute be strictly constituted against jurisdiction. Can we just skip ahead a little bit, because we're familiar with your briefs. Yes. As to the diversity question, which I think is where you're going here. Yes. There was a hearing held, evidentiary findings were made, factual findings were made by the District Court, correct? Yes, sir. And you would agree that our standard review over those findings is for clear error, correct? Yes. And that's a very differential standard. So if there's evidence on both sides of the question, we'll almost never reverse a district court's factual findings. So tell me why there's clear error, because I understand that you make a pitch that you should view certain facts in certain ways, but when we're going to, one of the key things is the intent of Dr. Bundy-Kotla to change her domicile. That's a mental state. And the District Court made a factual finding about what her mental state is. Tell us why there's clear error. There is clear error because the domiciliary was not established in Florida at the time. Well, that's the conclusion. I'm saying why was the finding clearly erroneous that she had changed her domicile to Florida? That's what I'm saying. Why? Why was that finding wrong? It was wrong, Your Honor, because I believe it is evidentiary-based that ... Right. It is evidentiary-based. And the evidence went against what she stated. That's what I'm asking. What is the evidence that the District Court had to credit on your side? It had to credit that she was still living at her apartment. But you can live somewhere without being a domiciliary. Pardon, Judge? You can live somewhere for a day or two or more without that being your domicile, right? That's the whole idea. But domicile is the place to which you return and you have an intent to permanently remain. Yes, Your Honor. So the fact that she was physically in New York, even living there temporarily, does not mean that her domicile was not Florida. So that doesn't get you over the hump. Your Honor, the fact is she was not living in Florida. She's been ... Didn't she testify that she had moved to Florida and was living with the in-laws and wasn't there an affidavit from the family members in Florida saying she was living with them? There was an affidavit, Judge, but the fact is she was not. Because at trial, the evidence came out that when she ... No, go back to the affidavits. There were affidavits that ... The affidavits didn't clearly say that she was living with them. It said that she stayed with them. It never said that she was living with them. She stayed at our house while she was saying that there was some issue with some chronic illnesses that she was required to take care of. What did her affidavit say? Pardon, Judge? What did her affidavit say? Her affidavit said that basically there were ... Her in-laws needed her to take care of them because that is tied into the extenuating circumstances question. But the fact is she came ... She was living in New York. She was still living in New York at the time when this case occurred. There was no question that it's the domiciliary that she continuously returned to. Maybe she wanted to, but that was not established by the evidence. The evidence is she lived there. She kept going back there, and her husband was there with her at the time she was served. So there is no question that the domiciliary ... There's a big question. What do you mean there's no question? There was a big question about her. That she was not ... I thought she had an affidavit saying by August of 2018 she was living in an apartment in Hernando, Florida, and returning to New York only to work and move her belongings. That's not true. See, that's the point. But did she say that? She said that, but ... Okay, so why can't the judge believe it? If a witness testifies to something, the fact finder has to determine the person's credibility, right? It says telling the truth or telling a lie. Why is it clear error for the judge to say, I have looked at this person, I have read it, I credit what the witness said? Because the statute requires that it be strictly construed against jurisdiction. What I believe the judge did was to construe it in favor of ... So the judge has to disbelieve people when they're arguing that they have diversity? I'm not saying she should disbelieve, I'm saying that the judge should follow what the statute says. No, I know, but you're saying the statute says to disbelieve a person who's trying to establish diversity about where they live? No, Your Honor, it is the clear and convincing evidence. So even if someone says something ... What's clear and convincing evidence? That's not a standard. It has to be found by preponderance of the evidence, right? Judge ... No, no, answer that question. Okay. What is the standard of proof that the judge was required to be convinced by? Was it preponderance, clear and convincing, beyond a reasonable doubt? What's the standard of proof? It's not beyond a reasonable doubt. Okay, so what is the standard of proof? Let's assume ... No, no, answer my question. Let's preponderance of the evidence.  All right. Now, the evidence preponderated against Bandicatna, because she came up with this, I believe, which we submitted. It was a made-up reason, and the evidence clearly showed that. Because you say you intend to do this, but you still lived and slept in your apartment. You visited Florida once in a while. You were not actually living with these people. New York was your residence. It was your domiciliary. You were working full-time in New York. So, you're not going down to Florida every day after work. You're not commuting. You were going to your domiciliary in New York. You're not going back there every day. She was not a commuted worker. Every day she finished work ... That doesn't matter. People who go to college, they don't live at home. Let's say you're from New York, but you go to college in California. They generally don't change their domicile. Their domicile is still in New York, even though they're spending the vast majority of their time in California. They intend to come back to New York. That's the difference between domicile and residence. So, I'm not sure why it matters that she wasn't commuting on a daily basis, when we know you could not commute for six months, and you would still not have changed your domicile. So, what does that got to do with it? I'm glad the court brought it up, because Dr. Van de Katten was not in college. She was working in New York. I know she's not in college. I said the point is, commuting on a daily basis is not determinative. And I took an extreme case that we all accept does not demonstrate a change in domicile. In any event, Your Honor, why the court is saying that? Because she said she had an intent that is sufficient, Judge, for the court to rule in her favor that diversity jurisdiction existed and there was jurisdiction, simply because she's saying, I intend to, and the evidence... No, she didn't say that. There are two things, and I thought the judge found. Number one, residence in a new domicile, and number two, the intention to remain there. Your Honor... He found two things. He wasn't misled about the nature of the law. Your Honor, here's what it is. If you look at the decision clearly, the court clearly said it occurred at the time she was in the process of. And that's what the court says. And we cannot ignore that she said it occurred at the time she was in the process of changing her domiciliary, which means the court accepted she did not. She was in the process of. And that's what it is. If the court said at the time she did change it conclusively, then that's the point. But if the court accepts, Your Honor, that at the time it occurred she was in the process of, it is clearly contrary to finding of diversity jurisdiction. Okay, we've kept you past your time. Let me just see if there are any questions from the members of the panel. No. Okay. Thank you very much, sir, for coming in.  We appreciate your argument. And as with all of the cases today, we will take this case under advisement.